JAMES STEPHENSON, PLAINTIFF IN ERROR, V. WILLIAM
RAVENSCROFT, DEFENDANT IN ERROR.

1.  Injuries to Person: NEGLIGENCE : VERDICT. In an action
    to recover for personal injuries caused by the alleged negligence
    of an employer, where the injuries are proved and the testimony
    tends to show that they were caused by the negligence of the
    employer, a verdict will not be set aside as being against the
    weight of evidence.

2.  Instructions taken as a whole ; *Held*, To be based upon the
    testimony and to submit the case fairly to the jury ; and it was
    not error to refuse to give additional instructions.

ERROR to the district court for Douglas county. Tried
below before HOPEWELL, J.

*W. S. Shoemaker*, for plaintiff in error, cited : Addison
on Torts, Wood's Ed., Vol. 1, Sec. 564. *Dynen v. Leach*,
26 Law J. Exch., 221. *Nashville, etc., R. R. Co. v. Elliott*,
1 Cold. (Tenn.), 611. *Mad River, etc., R. R. Co. v. Bar-*
*ber*, 5 Ohio State, 541. *Strahlendorf v. Rosenthal*, 30
Wis., 674. *Kroy v. C., R. I. & P. R. R. Co.*, 32 Iowa,
357. *Gibson v. Pacific R. R. Co.*, 46 Mo., 163. *Wonder*
*v. Baltimore R. R. Co.*, 32 Md., 411. *Coombs v. New*
*Bedford Cordage Co.*, 102 Mass., 572. *Lalor v. C., B.*
*& Q. R. R. Co.*, 52 Ill., 401. *Fry v. Dubuque & S. W.*
*R. R.*, 45 Iowa, 416. *Benton v. Central Railroad*, 42
Iowa, 192.

*Mahoney, Minahan & Smith*, for defendant in error,
cited : Cooley on Torts, 549. 2 Thompson on Negli-
gence, 944. *Gibson v. Pacific R. R. Co.*, 46 Mo., 163.
*B. & M. R. R. Co. v. Crockett*, 19 Neb., 138. *C. & N.*
*W. R. R. v. Swett*, 45 Ill., 197. *Shanny v. Androscoggin*
*Mills*, 66 Me., 420. *T., P. & W. R. R. Co. v. Conroy*, 68
Ill., 560.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error, in the district court of Douglas county, to recover for personal injuries caused by the alleged negligence of the plaintiff in error.

The plaintiff below, after setting out the contract of employment, and that he was under the direction and control of the defendant below, alleges in his petition: "That on the 20th day of February, 1882, aforesaid, plaintiff, under the direction of said defendant, was working at the foot or bottom of a high bank which was being excavated or taken down; that when he commenced working at said place it was a safe and secure post for the labor plaintiff was performing, and would have remained so had it not been for the negligence of said defendant hereinafter referred to; that while plaintiff was working at the foot of said bank as aforesaid, the defendant ordered a force of men to go to the top of said bank, and wedge the same down; that he gave the plaintiff no warning whatever, and plaintiff knew nothing of said order at the time, nor that said force of men were working on the top of said bank, until a large amount of frozen dirt from the top of said bank was wedged off as aforesaid, and slid down, striking this plaintiff and knocking him down, and burying him under the same, by reason of which he received exceedingly severe wounds in his hip joints, in his breast, shoulders, and other parts of his body; that he was so severely wounded that he had to be hauled in a wagon to the hospital, where he was confined for the period of ten weeks, at the expiration of which time, being still suffering from his injuries, he was taken to the county poor farm, where he remained for eight months; that during said time he was unable to sleep well or rest himself; that he was compelled to lie flat upon his back,

being unable to lie on his side on account of said injuries; that he lost his appetite, being unable to eat but little food; that in the space of twelve months next succeeding said injury he lost thirty-five pounds in weight, and suffered excruciating pain and anguish in consequence of said injuries; that by reason thereof he has been unable to earn a living, and is still unable to do other than light work, and has been put to large expense for medical and surgical treatment, nursing, and attendance; that prior to his receipt of said injuries he was a strong, healthy man, and able to perform any kind of manual labor; that said defendant was grossly negligent in ordering and having a force of men on the top to wedge down said embankment, and keeping this plaintiff at the bottom thereof, or permitting the same to be done, without giving plaintiff warning or notice, that he might seek a place of safety and security; that said injuries and wounds and the losses and expenditures incident to their proper care, were caused by the gross negligence and carelessness of said defendant, and by no fault of this plaintiff, and that plaintiff has been damaged by reason of the premises in the sum of $5,000."

The defendant below in his answer admits that he employed the plaintiff below, and that he was injured while so employed, but "alleges that whatever injury the said plaintiff received while engaged in said work was the result of the want of due and proper care on the part of the said plaintiff, and not from any negligence or carelessness on the part of the said defendant."

On the trial of the cause the jury returned a verdict in favor of the plaintiff below for the sum of $900. And a motion for a new trial having been overruled, judgment was entered on the verdict.

A large number of errors are assigned in this court, which need not be noticed at length. That the plaintiff below was seriously injured by a large ball of frozen

earth, which rolled down upon him from the high bank, is clearly shown by all the testimony; and the testimony tends to show the want of due care on the part of the defendant below. And we find no testimony tending to show any negligence on the part of the plaintiff below. The instructions taken as a whole presented the case made by the testimony fairly to the jury, and it is unnecessary to review such instructions at length, or those asked by the defendant below. It is evident that the verdict is not very large, considering the serious character of the injuries inflicted.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.